UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO: 8:21-Cr-218-T-36AAS

RYAN McLAUGHLIN
_____/

## DEFENDANT, RYAN McLAUGHLIN'S SENTENCING MEMORANDUM

The Defendant, RYAN McLAUGHLIN, by and through the undersigned

counsel, files this Sentencing Memorandum for this Honorable Court's

consideration.  As grounds in support of this Sentencing Memorandum, Mr.

McLaughlin states the following:

### Procedural Background

On or about July 1, 2021, a federal grand jury in the Middle District of

Florida, Tampa Division, returned a twelve (12) count Indictment against Mr.

McLaughlin and fifteen (15) co-defendants (Doc. 1).

Mr. McLaughlin was charged in Count Four (along with co-defendants

Maher, Fisher, Andrews, Mapoles, Howell, Howard, Terranova, Anderson, and

Walker) with Conspiracy to Commit Assault in Aid of Racketeering Activity,

specifically, unlawfully and knowingly conspired to commit assault with a dangerous

weapon against and assault resulting in serious bodily injury to T.B., in violation of Fla. Stats. §§ 784.021, 784.045, and 777.04, in violation of 18 U.S.C. § 1959(a)(6).

Mr. McLaughlin was also charged in Count Five (along with co-defendant Fisher), with Conspiracy to Commit Assault in Aid of Racketeering Activity, specifically, unlawfully and knowingly conspired to commit assault with a dangerous weapon against and assault resulting in serious bodily injury to members of rival gang the United Aryan Brotherhood, in violation of Fla. Stats. §§ 784.021, 784.045, and 777.04, in violation of 18 U.S.C. § 1959(a)(6).

Mr. McLaughlin was not charged in the remaining Counts of the Indictment.

On October 19, 2021, Mr. McLaughlin entered a guilty plea as to Counts Four and Five of the Indictment (Doc. 262) and is currently scheduled for Sentencing on January 19, 2022 at 2:30 p.m. before this Honorable Court (Doc. 289).

## Legal Sentencing Issues

U.S. Probation has suggested that Mr. McLaughlin's criminal history "substantially under-represents the seriousness of the Defendant's criminal history of the likelihood that he will commit other crimes," in accordance with U.S.S.G. § 4A1.3.

Mr. McLaughlin has ten (10) criminal history points which places him at the low-end of criminal history category V. In accordance with U.S.S.G. § 4A1.3(a)(2), the types of information the Court should consider when forming the basis for an upper departure are:

(A)     Prior sentences not used in computing the criminal history category (ex. Sentences for foreign and tribal convictions)

(B)     Prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions

(C)     Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order

(D)     Whether the Defendant was pending trial or sentencing on another charge at the time of the instant offense

(E)     Prior similar adult criminal conduct not resulting in a criminal conviction

Mr. McLaughlin does not have any of the aforementioned factors that the Court should consider for an upward departure.  Mr. McLaughlin's criminal history is not significantly less than other similarly situated defendants with a criminal history category V.  Additionally, several of Mr. McLaughlin's prior convictions are misdemeanors including multiple convictions for criminal mischief, driving while license suspended and possession of paraphernalia.

Mr. McLaughlin's criminal history is correctly scored and accurately representative of a category V.  His past convictions in no way demonstrate that he is a greater threat than the average person with the same category.  Therefore, the Court should not depart upward for under representation of criminal history.

Similarly, the probation office suggests that an upward variance may be warranted based upon 18 U.S.C. § 3553 factors including to promote respect for the law and just punishment, to afford adequate deterrence, and to protect the public from future crimes from the Defendant.  Mr. McLaughlin's criminal history is no more severe than most other similarly situated defendants within his criminal history category.  While the crimes he was involved in related to the instant offense are unsavory, he was one of the least culpable individuals involved in this conspiracy as indicated by the charging instrument.  Although he participated in talks involving threats of violence, he was one of the few individuals in this case that did not participate in any actual acts of violence against others.  Again, Mr. McLaughlin's criminal history is accurately scored, and there is no compelling evidence to suggest that the Court should vary upward because his past criminal conduct is not accurately captured within the guidelines.

## Personal Background

Mr. McLaughlin is a 35-year-old father of two who got involved with the Unforgiven organization while he was incarcerated within the Florida Department of Corrections.  As noted in paragraphs 27 and 88, Mr. McLaughlin joined the gang while in prison as he felt it was necessary for protection.  He also indicated that he does not consider himself a white supremacist or a racist.  Mr. McLaughlin's past criminal convictions do not have any racial overtones and there is no evidence to suggest that, prior to his incarceration, he was involved with any racially charged

organization.  It appears that Mr. McLaughlin was the type of individual whom these types of gangs target for new recruits.

Studies show that young people with troubled pasts are more likely to get involved with white supremacist groups.  The organizations give them a sense of belonging and power where they have otherwise been powerless or bullied.[1] Additionally, studies show that divorce, substance abuse and physical abuse are also contributing factors to participation in these groups.[2]  Mr. McLaughlin came from a broken home, and was physically abused by an alcoholic father who was later sentenced to prison.  He was then placed in his mothers custody who was involved in multiple abusive relationships that Mr. McLaughlin observed.

While this does not excuse Mr. McLaughlin's behavior, it does possibly shed light on how he came to be involved with this reprehensible organization.  Once a member, his needs of acceptance and belonging were met, but upon realizing that the organization's ideals did not accurately reflect his, he was unable to completely extract himself from the organization for fear of violence against him or his family. Mr. McLaughlin exercised poor judgment and will be punished for his actions so that he, as well as others, can see that this is not acceptable behavior and will not be tolerated in society.  Considering the background and personal characteristics of Mr.

---

[1] https://www.usnews.com/news/national-news/articles/2017-08-23/what-makes-people-join-hate-groups-studies-say-childhood-torment-social-isolation
[2] https://www.splcenter.org/fighting-hate/intelligence-report/2014/why-they-join

McLaughlin, as well as his participation in the offense, he respectfully requests a guideline sentence in this case.

## Conclusion

Mr. McLaughlin respectfully requests that this Honorable Court consider the information and arguments outlined in this Sentencing Memorandum in determining his sentence and impose a reasonable sentence.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Elizabeth M. Warren, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL  33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this 5th day of January, 2022.

_____*/s/ Frank Louderback*_____
FRANK LOUDERBACK, ESQ.
450 Carillon Parkway, Suite 120
St. Petersburg, FL  33716
(727) 896-2147, Fax (727) 556-0447
FBN 193295
LoudHel@aol.com